Filed 4/28/21  P. v. Facciuto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C089668 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF03794) |
| v. | |
| ALTON JAMES FACCIUTO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alton James Facciuto has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error in defendant's favor, we affirm.

FACTUAL BACKGROUND

At the plea hearing in the trial court, the parties stipulated the factual basis for defendant's plea could be taken from the probation report.  Accordingly, the factual background here is summarized from the probation report.

1

In August 2017, defendant was released from prison. He had a history of mental illness, which made him "unpredictable" and caused his parents (Ralph & Sherry) to be "afraid" of him.

On January 18, 2018, Butte County Behavioral Health contacted Ralph and said defendant was " 'jumped' " the night before. They wanted one of defendant's parents to pick him up and take him to the hospital, so Sherry did. At the hospital, however, defendant refused medical treatment and walked out. Sherry called Ralph and told him she did not want defendant to return to their home. Nevertheless, when Ralph and Sherry returned home later that afternoon defendant was there. He appeared to his parents to be " 'in a different world' "; he had a "blank stare" that reminded Ralph of " 'shark eyes.' " Ralph and Sherry knew defendant needed help they could not provide.

Ralph told defendant he could not stay with them unless he took his medication. Defendant agreed. Ralph called the county's health crisis center and they told him to bring defendant in so the staff could give him his medication. Ralph and Sherry agreed they would take defendant together. Defendant did not want Ralph to go; he wanted Sherry to take him. Ralph refused and told defendant the three of them would leave together.

While defendant stood outside their home, Sherry went to an outbuilding to get blankets. Approximately 20 minutes later, defendant went back inside the home without Sherry. Ralph asked where Sherry was, and defendant said he did not know. Defendant also said, " 'I guess I don't have to kill myself now.' " Ralph understood that to mean defendant was feeling better.

Later, Ralph heard his car engine engage and drive away. He assumed defendant and Sherry were leaving together because he still had not found her on their property. But Ralph was worried because Sherry was afraid of defendant and would not leave with him by herself. Ralph called the Butte County Sheriff and requested a welfare check on Sherry and defendant. He then reported Sherry missing.

2

When Sheriff's deputies arrived at the family's property, they searched the barn. Inside the barn they found Sherry's dead body, wrapped in blankets, hidden under cardboard boxes, a suitcase, and plastic bins. They also found a piece of a black T-shirt from the plastic bin around Sherry's neck along with corresponding ligature marks. Ralph told the deputies he was certain it was defendant who killed her.

The deputies issued a " 'Be on the Lookout' " for Ralph's missing car. The car was soon found outside a furniture store with the engine running, the lights on, and the front passenger-side door open. A private security officer removed the keys from the ignition and secured the car. They found defendant the next day. As the deputies were arresting defendant, he blurted out that he had not hurt anyone, would never hurt anyone, and was sorry for trespassing. Deputies saw scratches on defendant's face, wrists, and hands.

Following further investigation, the People charged defendant with first degree murder. The People further alleged defendant was previously convicted of a serious or violent felony and a strike offense and served a prior term in prison. Soon thereafter, defendant's counsel advised the court of their concern about defendant's competency to stand trial. The legal proceedings were suspended pending a competency evaluation, to be completed by Don Stembridge, Ph.D.

The trial court subsequently reviewed Dr. Stembridge's report and evaluation and on October 17, 2018, found defendant competent to stand trial. The court reinstated the legal proceedings and presided over the preliminary hearing on November 28, 2018.

In April 2019, the parties negotiated a plea agreement. Pursuant to that agreement, defendant pleaded no contest to second degree murder and admitted as true the allegation he was previously convicted of a strike offense. In exchange, the People moved to dismiss the balance of the allegations as well as the charges in Butte County Superior Court case No. 10851.

Consistent with the terms of his plea agreement, the trial court sentenced defendant to a term of 30 years to life in state prison. The court awarded defendant 482 days of custody credit and ordered him to pay various fines and fees. Defendant appeals; he did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether, on appeal, there are any arguable issues in defendant's favor. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record disclosed no arguable errors in defendant's favor.

## DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　 HOCH, J.

We concur:


 /s/
ROBIE, Acting P. J.


 /s/
RENNER, J.

4